IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES L. FREDERICK | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv189 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Charles L. Frederick, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

It was previously determined that petitioner should not be released on parole. Petitioner asserts improper procedures were relied on to make this determination.

Discussion

When he filed this case, petitioner was confined at the Terrell Unit. Petitioner subsequently provided the court with a new address in Beaumont, Texas, indicating he has been released from confinement. For the reasons set forth below, this petition is therefore moot.

Mootness is a jurisdictional matter implicating the requirement in Article III of the Constitution that there be a live case or controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "When the main thrust of [a] petition is to be released" from confinement, and the petitioner has

been released from confinement, the petition is moot because the court can no longer provide him with the relief sought. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

If successful in this matter, petitioner might have been entitled to an earlier release. As petitioner has been released from incarceration, he has received the relief that would have been provided if he had prevailed in this matter. Accordingly, his petition no longer presents a live case or controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021). The petition should therefore be dismissed as moot.

## Recommendation

This petition for habeas corpus should be dismissed without prejudice as moot.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to file objections bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 12th day of July, 2022.

_____
Zack Hawthorn
United States Magistrate Judge